UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>MARINA OLDCO.,<br><br>Debtor. | Case No. 12-10295 (ESL)<br><br>Chapter 11 |
| PDR ACQUISITION LLC, ET AL., Plaintiffs<br><br>vs.<br><br>DANIEL W. SHELLEY, SONIA DIAZ-ASENCIO, THE CONJUGAL PARTNERSHIP COMPRISED BETWEEN THEM, AND MEDIO MUNDO, INC., Defendants. | Adv. Proc. No. 14-00027 (ESL)<br><br>Injunctive Relief<br><br>Specific Performance |

**PURCHASER'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
"MOTION TO QUASH AND NOTICE OF VOLUNTARY DISMISSAL
WITHOUT PREJUDICE" [Docket No. 140]**

TO THE HONORABLE ENRIQUE S. LAMOUTTE,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

PDR Acquisition LLC (together with the PBF Entities[1] and the Additional PBF Entities, collectively, the "Purchaser"), respectfully submits this reply to the Defendants' Opposition to Plaintiffs' "Motion to Quash and Notice of Voluntary Dismissal Without Prejudice" filed by Mr. Daniel W. Shelley ("Mr. Shelley"), Mrs. Sonia Diaz-Asencio, the Conjugal Partnership Comprised Between Them, and Medio Mundo, Inc. ("MMI" and, together with the foregoing defendants, the "Defendants") [Docket No. 140] (the "Opposition"), and, in support hereof, respectfully represents as follows:

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Confirmation Order entered in bankr. case no. 12-10295 (ESL).

**PRELIMINARY STATEMENT**

The Purchaser initiated the above-captioned adversary proceeding (the "Adversary Proceeding"), based on the Defendants' actions and/or omissions in violation of the confirmed Plan, the Confirmation Order, and the Definitive Documentation approved by the Court nearly two years ago. [Docket No. 1]. Shortly after the filing of the Complaint, the Purchaser and the Defendants engaged in settlement conversations, as evidenced by the Joint Motion filed, together with Marina Oldco ("MOC"),[2] on March 18, 2014 [Docket No. 45], and further motions filed thereafter. Throughout the compromise conversations, and without entering in the substance thereof, the Purchaser undertook extensive efforts to resolve the Adversary Proceeding, and various drafts of a stipulation and settlement agreement were prepared and modified. However, the Defendants and other non-Defendant parties controlled by Mr. Shelley would constantly require further unreasonable demands and conditions. Finally, after exhausting settlement efforts for nearly a year, the Purchaser was unable to agree on Defendants' comprehensive terms for the sale of the Property, and determined to reserve all of its rights under the Court-approved documentation, and to terminate this litigation. Accordingly, the Purchaser filed its Notice of Voluntary Dismissal without prejudice.

After a feeble and failed attempt to frustrate the Purchaser's dismissal of the Adversary Proceeding without prejudice, the Defendants have unleashed an unfortunate and utterly frivolous spate of papers in the Adversary Proceeding and related bankruptcy case no. 12-10295 (ESL) (the "Bankruptcy Case"), plagued with wanting and unavailing allegations, in blatant violations of applicable rules of civil procedure and evidence. The Defendants' misguided purpose is simple: to improperly attain through distorted statements a ruling on a purported

---

[2] MOC filed a Motion to Intervene on February 12, 2014 [Docket No. 16], which was opposed by the Purchaser on February 19, 2014 [Docket No. 27].

2

motion for summary judgment, that was not served in accordance with the law, and that seeks a "ruling" on issues unilaterally determined by Mr. Shelley which are not even part of the Complaint. Simply put, there is no legitimate basis for the Defendants to oppose the voluntary dismissal of the Adversary Proceeding without prejudice, and the Defendants should be admonished from continuing such improper and vexatious litigation.

In consideration of the Purchaser's Notice of Voluntary Dismissal, judgment should be entered dismissing the Adversary Proceeding without prejudice, and, accordingly, all pending papers of the Defendants should be denied as moot. Finally, the Defendants should be sanctioned for their contumacy in these judicial proceedings.[3]

## BACKGROUND

1. On February 3, 2014, the Purchaser filed the Verified Complaint (the "Verified Complaint") initiating the Adversary Proceeding, against the Defendants, with respect to that certain real property identified in the Registry of the Property of Fajardo as property no. 14456, recorded at page no. 1 of book no. 337 of Fajardo (the "Property"). [Docket No. 1].

2. On March 6, 2014, the Defendants filed their Motion to Dismiss for Failure to State Claim Upon Which Relief May Be Granted [Docket No. 32] (the "Motion to Dismiss").

3. Later that month, on March 18, 2014, the Purchaser, the Defendants, and MOC filed a Joint Motion [Docket No. 45], to stay discovery and extend deadlines, among other matters, which was granted by the Court [Docket No. 50]. Thereafter, the Court granted motions

---

[3] As discussed in detail herein, in the Opposition, the Defendants reveal the contents of settlement conversations, in clear violation of Fed.R.Evid. 408. Also, through the Fee Declaration subscribed by co-Defendant Mr. Shelley, the Defendants misrepresent the Court with a request for alleged attorneys' fees for services by counsel who are not legal representatives of the Defendants, specifically, Mr. Cuprill, who is counsel for MOC, and Mr. Novas, who has not appeared as counsel in the Adversary Proceeding or the Bankruptcy Case.

3

for the continuation of stay of proceedings, and/or extensions of time, as to all pending matters in the Adversary Proceeding, until February 20, 2015. [Docket No. 122].

4. On February 20, 2015, the Purchaser filed a Motion for Additional Term to File Position Regarding Pending Matters in Order to Conclude Settlement Discussions, seeking an additional term for the Parties to conclude settlement discussions, or for the Parties to file pending motions and perform any other actions. [Docket No. 124].

5. On February 23, 2015, the Defendants filed a "Motion Informing the Court that Medio Mundo, Inc. Obtained an Order of Execution of Judgment Pursuant to Which the "Auction Property", as that Term is Defined in Defendants' Motion Dismiss at Dkt. 32, Will be Auctioned on March 3, 2015 at 10:45 a.m.", to inform the Court that MMI would continue to prosecute proceedings related to the public auction of the Property. [Docket No. 127]. The next day, the Purchaser filed its Motion in Response to Defendants' Motion to Inform about Auction of Real Property within Five (5) Mile Radius, and Reservation of Rights (the "Property Reservation of Rights"), to set forth its reservation of rights with respect to the Property, and the Defendants' actions and/or omissions. [Docket No. 128].

6. On February 27, 2015, the Defendants filed their (i) Motion to Convert Their Previously Filed Motion to Dismiss for Failure to State a Claim, Docket No. 32, in a Motion for Summary Judgment [Docket No. 129] (the "Motion to Convert"), and (ii) Statement of Material Facts in Support of Motion for Summary Judgment [Docket No. 130] (the "Statement").

7. On the same day, the Purchaser filed its (i) Motion to Quash and/or Oppose, and Vacate, Defendants' Motion to Convert Their Previously Filed Motion to Dismiss for Failure to State a Claim, Docket No. 32, in a Motion for Summary Judgment, and Related Statement of Material Facts in Support of Motion for Summary Judgment [Docket No. 132] (the

4

Case:14-00027-ESL Doc#:144 Filed:03/24/15 Entered:03/24/15 18:41:24 Desc: Main
Document Page 5 of 13

"Motion to Quash"), and (ii) Notice of Voluntary Dismissal Without Prejudice, Pursuant to Rule 41 of the Federal Rules of Civil Procedure [Docket No. 133] (the "Notice of Voluntary Dismissal").

8. On March 2, 2015, the Defendants filed a Notice to Plaintiffs about the Required Response Time to Defendants' Motion Converting the Previously Filed Motion to Dismiss in a Motion for Summary Judgment [Docket No. 134] (the "Notice Regarding Motion to Convert"), among other papers.

9. On March 3, 2015, the Purchaser filed its Response to Inform Position with Respect to Defendants' (I) Opposition to Motion for Additional Term, (II) Notice about Required Response Time to Motion to Convert, (III) Notice of Intent to File Opposition to Plaintiffs' Motion to Quash and Notice of Voluntary Dismissal, and (IV) Notice of Submission of Supplemental Affidavit; and Reservation of Rights (the "Mootness Response"), to set forth that all of the Defendants' Papers (as defined therein) have become moot, by reason of the Notice of Voluntary Dismissal, and, consequently, should be denied; and, that, in the event that the Court should not deny the Defendants' Papers, to reserve the right to submit oppositions and/or replies to any pending filings by the Defendants. [Docket No. 137].

10. On March 5, 2015, the Court entered an Order instructing the Defendants to state their position as to the Mootness Response, within a term of fourteen (14) days, to expire on March 19, 2015 [Docket No. 138] (the "Mootness Response Order").

11. On March 13, 2015, the Defendants filed the Opposition, which failed to address the issue of mootness in violation of the Mootness Response Order. Instead, the Defendants ignored the Court's directive, and unilaterally requested that the Court deny the Motion to Quash and the Notice of Voluntary Dismissal without prejudice, and dismiss the Adversary Proceeding with prejudice with the imposition of attorneys' fees and litigation costs.

5

[Docket No. 140].

12. On March 16, 2015, the Purchaser filed its Motion for Leave, and/or Notice of Intent, to File Reply to the Defendants' Opposition [Docket No. 141], and on March 23, 2015, its related Motion Regarding Term [Docket No. 142], requesting that the Court enter an order granting leave, and/or take notice of its intent, to file a reply to the Opposition, within a term to expire on the date hereof.

## DISCUSSION

13. In the Opposition, the Defendants attempt to evade the effect of the Notice of Voluntary Dismissal, rehashing the arguments of their Motion to Dismiss. [Docket No. 140]. In fact, the Defendants go as far as to suggest, without any authority, that the Court conclude that its ruling in connection to the Purchaser's motion for a Temporary Restraining Order is a final order. The Defendants' contention is inapposite with governing authority. In the matter of France, FDIC-90-156b&c, 1991 WL 789373 (F.D.I.C.); Int'l Ass'n of Machinists & Aerospace Workers v. Nat'l Ry. Labor Conference, 310 F.Supp. (D. D.C. 1970); U.S. v. Atlantic Richfield, Co., 297 F.Supp 1060 (S.D.N.Y. 1969).

14. Further, the Opposition does not directly address the specific allegations of the Purchaser in the Motion to Quash, completely ignoring the fatal effect of the Defendants' failure to properly serve the Motion to Convert, and assuming that the mere filing of a motion to convert with respect to a previously filed motion to dismiss somehow magically transforms the nature of the prior filing. Again, there is no authority for any of the extraordinary propositions upon which the Defendants insist.

**A. Because no answer or motion for summary judgment had been served by the Defendants, the Purchaser had an absolute right to file a notice of voluntary dismissal without prejudice.**

15. It is an undisputable fact that at the time when the Purchaser exercised its absolute right to file a notice of voluntary dismissal, the Defendants had not served an answer to the Complaint or a motion for summary judgment. Therefore, given that the Purchaser's Notice of Voluntary Dismissal without prejudice is self-executing, the case was automatically terminated with the filing of such notice. Campos Matos v. Evanston Insurance Co., 1998 WL 310775 (D. P.R. 1998), ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 11 (2nd Cir. 2012), and Wilson v.City of San José, 111 F.3d 688, 692 (9th Cir. 1997).

16. Notwithstanding that the case has been terminated, the Defendants, in what only can be characterized as a misguided attempt to bypass Rule 41, pretend to "oppose" the self-executing Notice of Voluntary Dismissal without prejudice on the grounds that they had requested that their Motion to Dismiss be converted to a motion for summary judgment. However, as the Court is aware, said motion was improperly served and legally insufficient *ab initio* for failing to include Local Bankruptcy Rule 9013-1(c)'s *sine qua non* notice requirement, thereby requiring re-filing. By the time when the Defendants re-filed the Motion to Convert and complied with Rule 9013-1(c)'s compulsory notice requirement, on March 2, 2015, the Notice for Voluntary Dismissal had already been filed and the case terminated - thus, the Motion to Convert, and all other filings of the Defendants, became moot. In fact, the Notice Regarding Motion to Convert [Docket No. 134] is a clear admission of the Defendants that the Motion to Convert filed on February 27, 2015 [Docket No. 129] failed to comply with PR LBR 9013-1.

17. In the Opposition, the Defendants endeavor to minimize their failure to comply with applicable rules and procedure, and cavalierly state that they are unable to locate a case in which a motion was quashed for failure to include proper notice, and assert that, because

7

the Motion to Convert was notified electronically by the CM/ECF system, it was somehow served prior to the filing of the Notice of Voluntary Dismissal. The Defendants are wrong and there is no authority for their contentions. Improper notice of a motion does not constitute service. This Court has resolved many times that a motion that fails to comply with PR LBR 9013-1(c) (designated before as 9013-1(h)) results in denial of the motion, albeit without prejudice of re-filing. In re Torres de Jesús, bankr. case no. 10-11717 (ESL) (Docket No. 171), 2012 WL 195516 (Bankr. D.P.R. 2012).

    18. The Motion to Convert requests that the Court convert the Defendants' Motion to Dismiss to a motion for summary judgment, and to enter judgment in their favor. [Docket No. 129]. As previously explained, the contents of the Motion to Dismiss, and the basis for the relief requested therein, that the Complaint fails to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6), clearly makes the Motion to Dismiss a motion to dismiss, notwithstanding the misleading arguments of the Defendants to convert to a motion for summary judgment. Also, the fact that courts consider certain documents in connection with a motion to dismiss does not necessarily convert the same to a motion for summary judgment. Rivera v. Centro Médico de Turabo, 575 F.3d 10, 15 (1st Cir. 2009); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). In fact, the Defendants did not modify the contents of the Motion to Dismiss, but simply request that the Court convert the same, which the Court has not done, in a patent attempt to avoid dismissal of the Adversary Proceeding without prejudice. The Statement, with a Declaration under Penalty of Perjury of Co-Defendant Daniel W. Shelley (the "Declaration"), superficially pretends to submit facts that have been previously alleged by the Defendants, and most of which are part of the record in the Bankruptcy Case. Moreover, the Motion to Convert requests that the Court rule on matters that are not even before the Court for its consideration, as the Complaint is an action for injunctive

relief which has now become moot.

### B. The Defendants have knowingly violated Fed.R.Evid. 408.

19. Fed.R.Evid. 408 provides that neither evidence of (i) furnishing, promising, or offering – or acceptance of – a valuable consideration in compromising or attempting to compromise a claim, or evidence of (ii) conduct or a statement made during compromise negotiations about a claim, is admissible to prove or disprove the validity of a claim or to impeach by prior inconsistent statement or contradiction.

20. In the Opposition and other filings in the Adversary Proceeding and the Bankruptcy Case, the Defendants make reference to the contents of settlement discussions between the parties, in patent violation of cited Fed.R.Evid. 408. Any such references should be ruled inadmissible, and/or stricken from the record.

21. The Defendants allege that the Purchaser informed them, through counsel, that it was no longer interested in the Property. Without waiving any rights as to the inadmissibility of any such compromise offers and/or negotiations, and, only with the intent of clarifying the Court's record due to the Defendants having "opened the door" to this topic, the Purchaser simply notes that it determined, after nearly a year of negotiations with Mr. Shelley, and Mr. Shelley's unreasonable demands for a full release from all of his obligations under the Court-approved Plan and the related Definitive Documentation, that the Purchaser could not agree with Mr. Shelley on his comprehensive terms for the sale of the Property.[4]

22. The Defendants' allegation that the Purchaser gave a "180 degree turn around", as part of its argument that it is supposedly vexatious and has attempted to abuse the

---

[4] In fact, the information contained in footnote no. 1 of the Opposition, as to the Defendants waiting for a further draft of a settlement agreement, does not mention that counsel for the Purchaser and the Defendants had lengthy discussions, and met personally, regarding the last version of the related draft, in order to moderate the new and further ample modifications by the Defendants to a document that the Purchaser had understood to be practically final, after conceding to prior demands of the Defendants.

judicial process, because it filed the Property Reservation of Rights, and then the Notice of Voluntary Dismissal without prejudice, is absurd. Precisely, a voluntary dismissal without prejudice is nothing more than a reservation of rights, and for the avoidance of doubt, the Purchaser reserves all of its rights under the Plan, Confirmation Order, and all related Definitive Documentation.

**C. The Defendants should be sanctioned for their deliberate attempt to have the Court award attorneys' fees, and costs and expenses, to which they are not entitled under law.**

23. As explained before, the Purchaser has an absolute right to voluntarily dismiss the Adversary Proceeding without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). Notwithstanding the aforementioned, the Defendants request the Court to dismiss the Adversary Proceeding pursuant to Fed.R.Civ.P. 41(a)(2), and, accepting that the dismissal be without prejudice, to impose the payment of attorneys' fees, and costs and expenses, upon the Purchaser.

24. The Opposition includes a "Declaration under Penalty of Perjury of Codefendant Daniel W. Shelley" (the "Fee Declaration"), in which Mr. Shelley declares that the Defendants have paid a total amount of $192,896.04 in costs and expenses, including attorneys' fees, as a result of the Adversary Proceeding." See ¶ 2, of Docket No. 140-2. In the Fee Declaration, Mr. Shelley further affirms that such fees include: (i) $78,596.63 invoiced by the law firm of Rivera, Tulla & Ferrer (the "Defendants' Counsel") (which firm has appeared in the Adversary Proceeding in representation of the Defendants); (ii) $35,000.00 paid to attorney José L. Novas ("Mr. Novas"); and (iii) $79,300.00 paid to attorney Charles Cuprill ("Mr. Cuprill") (who has appeared in representation of MOC, the debtor in the Bankruptcy Case).

25. Mr. Cuprill is counsel for MOC, which is not a defendant in the Adversary Proceeding, but rather filed a Motion to Intervene. In other words, MOC has taken affirmative

10

actions to participate in the Adversary Proceeding voluntarily, while Mr. Shelley (and the rest of the Defendants) are represented by Defendants' Counsel. The benefit to the estate of MOC's intervention in these proceedings is dubious (at best), and it is certainly MOC's responsibility to satisfy (if at all) the fees paid to Mr. Cuprill, and not the Defendants.

26. Further, and much more perplexing, is the purported inclusion of fees already paid to Mr. Novas in the Fee Declaration. Mr. Novas has not appeared on behalf of any party in the Adversary Proceeding, neither has Mr. Novas appeared in the Bankruptcy Case, or filed an application for employment or for compensation therein. However, the debtor's operating reports reveal Mr. Novas's receipt since commencement of the Bankruptcy Case of substantial sums from the debtor on account of legal services, in apparent contravention of 11 U.S.C. § 327. See, e.g., Monthly Operating Report for February 2013, at pp. 59,68, of Bankruptcy Case Docket No. 93.

27. Notwithstanding the fact that there is no legal foundation for the imposition of attorneys' fees, or costs or expenses, upon the Purchaser, having submitted the Fee Declaration, Mr. Shelley should explain to the Court the fallacy of the request for attorneys' fees, concerning other non-Defendant parties.

## CONCLUSION

28. The Notice of Voluntary Dismissal was filed before an answer or motion for summary judgment had been served, and therefore, the Adversary Proceeding (which is moot) has already been deemed dismissed, or, alternatively, should be dismissed, without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). Universidad Central del Caribe, Inc. v. Liaison Comm. on Med. Educ., 760 F.2d 14 (1st Cir. 1985). The Defendants should be sanctioned for their knowingly flawed attempt to accomplish otherwise by misleading the Court, disregarding the Court's direction, and serial violations and distortion of civil procedure.

11

29. For the avoidance of doubt and out of an abundance of caution, in the event that the Court should not direct the entry of judgment of dismissal without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i), and, with the interest of achieving judicial economy, the Purchaser reserves the right to submit its position as to certain allegations and arguments of the Defendants contained in the Opposition, including without being a limitation, the applicability of Fed.R.Civ.P. 41(a)(2)[5] and the request for attorneys' fees, and costs and expenses.

## NOTICE

30. Notice of this Reply shall be provided on the date hereof to counsel for the Defendants and counsel for MOC. The Purchaser submits that no other or further notice need be provided.

## CERTIFICATE OF SERVICE

31. The appearing party hereby certifies that, on this same date, the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the Defendants, counsel for MOC, and all CM/ECF participants.

WHEREFORE, the Purchaser respectfully requests that the Court deny all pending papers filed by the Defendants as moot, in consideration of the Notice of Voluntary Dismissal without prejudice, and that judgment be entered dismissing the Adversary Proceeding without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i); and that the Defendants be sanctioned for their violation of Fed.R.Evid. 408, and for misleading the Court into awarding them attorneys' fees, and costs and expenses, that are legally unwarranted; or, in the event that Defendants' pending papers are not denied as moot, that the Court take notice of the Purchaser's

---

[5] The Purchaser has submitted a preliminary position as to the alleged effect of the Motion to Convert in the Motion to Quash. [Docket No. 132].

reservation of rights to submit any and all oppositions and/or replies to any pending filings by the Defendants; and the Purchaser reserves all rights under the Plan, Confirmation Order, and all Definitive Documentation approved by the Court.

Dated:     March 24, 2015
             San Juan, Puerto Rico

**FERNÁNDEZ , COLLINS, CUYAR & PLÁ**
P.O. Box 9023905
San Juan, PR 00902-3905
Telephone: (787) 977-3772
Facsimile: (787) 977-3773
E-mail: jcc@fccplawpr.com

/s/Juan A. Cuyar Cobb
Juan A. Cuyar Cobb
USDCPR 212401


**CORREA-ACEVEDO & ABESADA LAW OFFICES, P.S.C.**
Centro Internacional de Mercadeo
Torre II – Suite 407, #90 Carr. 165
Guaynabo, PR 00968
Telephone: (787) 273-8300
Facsimile: (787) 273-8371
E-mail: ra@calopsc.com

/s/Roberto Abesada-Agüet
Roberto Abesada-Agüet
USDCPR 216706


*Co-Counsel to the Purchaser*